IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOURENA E. SHEPPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-324-GKF-PJC |
| ) | |
| SOONER SURVEY, INC., an Oklahoma ) | |
| corporation, DENNIS HULSEY, SANDRA ) | |
| HULSEY, and CRAIG PRICE, individuals, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court are: defendants' Motion for Summary Judgment [Dkt. #17], defendants' Motion for Attorney's Fees [Dkt. #19], and defendants' Motion for Costs [Dkt. #19].

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Zamora v. Elite Logistics, Inc.,* 449 F.3d 1106, 1112 (10th Cir. 2006). A court must draw all reasonable inferences from the evidence in favor of the nonmoving party. *Id*. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). However, summary judgment is not appropriate merely because the non-moving party fails to file a response. *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). In such a case, the court may not grant the motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to

judgment as a matter of law." *Reed*, 312 F.3d at 1194 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

Plaintiff Lourena E. Sheppard ("Sheppard") has not responded to the motion and her response is past due.

Defendants first assert Sheppard's claim is time-barred as it was filed three (3) days after the end of the ninety (90) day window, which commenced upon the issue of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). In the absence of evidence showing that a plaintiff did in fact receive her right-to-sue letter from the EEOC on a specific date the court will allow a presumption of three to five (3-5) days for delivery. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). Defendants' first contention must therefore be rejected.

Next, defendants argue that the individual defendants are not proper defendants under Title VII and that defendant Sooner Survey, Inc. ("Sooner") was not properly named in section 3 of Sheppard's handwritten complaint. Under Title VII, suits against individuals must proceed in their official capacity. Such a suit operates as a suit against the employer itself. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Defendants' second argument must be rejected.

In her complaint, Sheppard alleges a single incident of sexual harassment perpetrated by her supervisor, Craig Price, on November 12, 2003. She further alleges she did not report the harassment until after her termination by owner/office manager Sandra Hulsey on November 14, 2003. Plaintiff neither alleges nor provides evidence of *quid pro quo* harassment; she does not allege the termination was related to the incident. Moreover, she neither alleges nor provides evidence that the single incident was sufficiently severe or pervasive to create a hostile work environment or that the employer knew or should have known about the single incident and failed

to stop it.  *See Burlingotn Indus., Inc. v. Ellerth*, 524 U.S. 742, 753, 759 (1998).

The court denies defendants' Motion for Attorney's Fees and Motion for Costs [Dkt. #19] as defendants have not provided authority or basis for an award of fees and costs in this case.

**WHEREFORE**, defendants' Motion for Summary Judgment [Dkt. # 17] is granted, defendants' Motions for Attorney's Fees and for Costs [Dkt. #19] is denied.

**IT IS SO ORDERED** this 23rd day of April 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma